UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Sport Dimension Inc., a California Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>The Partnership and Unincorporated Association Identified on Schedule A,<br><br>    Defendant. | Case No. 1:25-cv-00563<br><br><br>**SEALED DOCUMENT PURSUANT TO LR 26.2** |

**PLAINTIFF SPORT DIMENSION, INC.'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Sport Dimension Inc. ("Plaintiff" or "Sport Dimension"), by and through its undersigned counsel, hereby brings the following Complaint for Patent Infringement against The Partnership and Unincorporated Association Identified on **Schedule A** hereto, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and alleges as follows:

**THE PARTIES**

1. Sport Dimension is a corporation organized under the laws of the state of California, with a principal place of business at 1 Civic Plaza Drive, Suite 600, Carson, CA 90745.

2. Upon information and belief, Defendant ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1

3. Upon information and belief, Defendant ████████████████

████████████████████████████████████████████████████████

████████████████████████

## JURISDICTION AND VENUE

4. This is an action for patent infringement brought under the Patent Act, 35 U.S.C. § 1, et seq. This Court has original and exclusive jurisdiction over actions relating to patents pursuant to 28 U.S.C. §§ 1331, 1338.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)-(d) and this Court has personal jurisdiction over Defendant because it directs its business activities towards and targets consumers throughout the United States, including within the state of Illinois and in this judicial district, through at least the fully interactive e-commerce storefront ████████████ ████████████ which is accessible in Illinois and in this judicial district. Specifically, Defendant has targeted Illinois residents by operating its e-commerce Amazon storefront targeting United States consumers, offering to ship products to the United States, including to Illinois, accepting payment in United States Dollars, and selling and offering for sale products which infringe Sport Dimension's patented products in the United States and to residents of Illinois. Defendant's conduct is in interstate commerce and has wrongfully caused Sport Dimension substantial injury in the United States and in Illinois. Defendant is a foreign entity and/or individual that is not a resident of any U.S. state and which has no principal place of business in the United States, and there is no district in which an action may otherwise be brought as provided in to 28 U.S.C. §1391.

## BACKGROUND

6. Sport Dimension is a sports equipment and apparel company that has been operating in Southern California for more than 25 years.

7. Sport Dimension is in the business of developing, manufacturing, selling, and distributing innovative water sports related equipment, including wet suits, personal floatation devices ("PFDs"), body boards, sea scooters, masks and fins, among other products. Sport Dimension sells its products under the Body Glove brand, as well as other well-known brands.

8. Among Sport Dimension's most popular products are its best-selling Paddle Pals® PFDs, a line of specially designed safety flotation vests for children learning to swim. The Paddle Pals® PFD features a life vest design with shoulder straps, attached arm floats, and an adjustable safety-buckle back strap providing support for the child's body and neck.

9. Sport Dimension has sold its inventive Paddle Pals® PFDs throughout the United States and around the world since 2014.

10. Sport Dimension is also the owner of U.S. Patent No. D744,603 (the "'603 Patent") titled "Personal Flotation Device" covering the ornamental design of a personal floatation device embodied by the Paddle Pals® product. The '603 Patent is valid and enforceable and issued on December 1, 2015. A true and correct copy of the '603 patent is attached as **Exhibit A**.

11. Sport Dimension marks its Paddle Pals® product and its product packaging with U.S. Patent No. D744,603 pursuant to 35 U.S.C. §287 as shown below:



12. Defendant is ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Upon information and belief, Defendant ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

13. Upon information and belief, Defendant uses aliases in connection with the operation of its business, including but not limited to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Defendant has concealed its true identity and location, which remain unknown.

14. Defendant is in the business of making, manufacturing, distributing, importing, offering for sale and/or selling PFDs for children throughout the United States through its Amazon storefront ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, pictured below (the "Infringing PFD"):



██ true and correct print out of Defendant's Amazon listing for the Infringing PFD is attached hereto as **Exhibit B**.

15. Defendant's Infringing PFD infringes the '603 Patent and incorporates the subject matter claimed by the '603 Patent.

16. Defendant describes its Infringing PFD as ██████████████████████████ ██████████████████████████████████████████████████ – all features of the subject matter claimed by the '603 Patent.

17. In the eyes of the ordinary observer, Defendant's Infringing PFD is substantially similar to the patented design of the '603 Patent. Indeed, a simple side-by-side visual comparison of Defendant's Infringing PFD, purchased from its Amazon storefront, and the figures contained in the '603 Patent confirms that the products are substantially similar:







18. As of the date of the filing of this complaint Defendant continues to sell the Infringing PFD. Defendant is not a licensee or an authorized seller of Sport Dimension, and is not authorized to use any of Sport Dimension's intellectual property, including the '603 Patent.

## FIRST CAUSE OF ACTION

### Federal Patent Infringement – 35 U.S.C. §271(a)

19. Sport Dimension is the owner of the '603 Patent covering the ornamental design of a personal floatation device. The '603 Patent is valid and enforceable.

20. Defendant has been and is currently infringing the '603 Patent in this judicial district and throughout the United States by importing, making, manufacturing, using, distributing, selling and/or offering for sale its Infringing PFD.

21. The Infringing PFD incorporates and/or uses the subject matter claimed by the '603 Patent, and embodies the invention claimed in the '603 Patent either literally or under the doctrine of equivalents in violation of 35 U.S.C. §271(a).

22. The Infringing PFD and the patented design embodied in the '603 Patent are substantial similar to the ordinary observer.

8

23. As a result of Defendant's infringing conduct, Sport Dimension has suffered damages in an amount to be proven at trial, including Defendant's total profits, pursuant to 35 U.S.C. §289.

24. Defendant has constructive notice of the '603 Patent, entitling Sport Dimension to past damages.

25. Defendant's infringing conduct has caused and will continue to cause irreparable injury to Sport Dimension unless restrained or enjoined. The monetary amount of compensation that would afford adequate relief to Sport Dimension for Defendant's past and continuing infringement is difficult to ascertain. Sport Dimension therefore has no adequate remedy at law to compensate for the injuries sustained as a result of Defendant's infringement.

26. Given Defendant's constructive knowledge, Defendant's infringement of the '603 Patent is willful, wanton, deliberate, done without a license or permission and with full knowledge of the '603 Patent. This case is therefore exceptional under the Patent Act and Sport Dimension is entitled to attorneys' fees and enhanced damages pursuant to 35 U.S.C. §284 and §285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sport Dimension Inc. requests that this Court enter:

1. Judgment against all Defendant on all claims alleged herein;

2. An Order finding that, by the acts alleged herein, Defendant has directly infringed the '603 Patent in violation of 35 U.S.C. §271;

3. An Order finding that Defendant has willfully infringed the '603 Patent;

4. An Order preliminarily and permanently enjoining Defendant, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, parents, employees,

assigns, representatives, and all others acting in concert with any of them, from infringing the '603 Patent;

5. An Order directing Defendant to deliver to Sport Dimension for destruction or other disposition all Infringing PFDs in their possession;

6. An Order directing Defendant to file with the Court, and serve upon Sport Dimension's attorneys, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which Defendant has complied with the injunction;

7. An Order awarding Sport Dimension damages in an amount to be proven at trial, including Defendant's total profits, pursuant to 35 U.S.C. §289;

8. An Order awarding Sport Dimension enhanced damages for Defendant's wanton and willful infringement, pursuant to 35 U.S.C. §284;

9. An Order awarding Sport Dimension all of its costs, including attorneys' fees, pursuant to 35 U.S.C. §285;

10. An Order awarding Sport Dimension pre-judgment and post-judgment interest; and

11. An Order awarding Sport Dimension all other relief that the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Sport Dimension hereby demands a trial by jury.

DATED: January 16, 2025

VENABLE LLP

 /s/ Adam G. Kelly
Adam G. Kelly
akelly@venable.com
227 West Monroe Street, Suite 1900
Chicago, IL 60606
Telephone: (312) 820-3400
Facsimile: (312) 820-3401


Sarah S. Brooks*
Alexandra L. Kolsky*
ssbrooks@venable.com
alkolsky@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

* *pro hac vice* forthcoming

*Attorneys for Plaintiff Sport Dimension, Inc.*